IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOSEPH SIMONE,

    Plaintiff,                                                            Case No.: _____

vs.

ALEJANDRO MAYORKAS, Secretary of
Homeland Security, United States Department
Of Homeland Security,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOSEPH SIMONE sues the Defendant ALEJANDRO MAYORKA, Secretary of Homeland Security, United States Department Of Homeland Security and alleges:

1.    Plaintiff brings this action under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §791 et seq., to remedy discrimination against him because of a disability, including the failure of the Defendant to provide reasonable accommodation to the Plaintiff; to remedy retaliation against Plaintiff because he requested accommodation, opposed unlawful practices and made charges and participated in investigations under the Rehabilitation Act and related statutes; and to remedy interference, coercion and intimidation against the Plaintiff on account of having exercised rights under the Rehabilitation Act, related statutes and applicable regulations.

2. The Rehabilitation Act requires federal agencies to take affirmative action in the hiring, placement, and advancement in federal employment of individuals with disabilities, prohibits discrimination against a federal employee because of a disability, and requires agencies to provide reasonable accommodation to individuals with disabilities who are otherwise qualified for their positions.

3. Under 29 U.S.C. §794a the remedies, procedures and rights of federal employees set forth in §717 of the U.S. Civil Rights Act of 1964, 42 U.S.C. §2000e-16, and the provisions of 42 U.S.C. §§2000e-5(f) through 2000(e)-5(k), shall be available to employees aggrieved by the disposition of any complaint under the Rehabilitation Act.

4. The standards used to determine violations of the Rehabilitation Act are those set forth in Title I of the American with Disabilities Act, 42 U.S.C. §12111 et seq, and §§12201-12204, and 12210 ("the ADA").

5. Plaintiff brings this action under the above provisions and under 42 U.S.C. §1981a which permits the recovery of compensatory damages for discrimination under 42 U.S.C. §2000e-16, 29 U.S.C. §791 and the regulations thereunder concerning the provision of reasonable accommodation.

**THE PARTIES**

6. The Defendant ALEJANDRO MAYORKAS is the Secretary of Homeland Security, United States Department of Homeland Security ("DHS") having been appointed on February 2, 2021.

7. DHS, a department of the executive branch of the United States and an executive agency under 5 U.S.C. §105, is subject to the provisions of the Rehabilitation Act.

8. Plaintiff JOSEPH SIMONE, a resident of the state of Florida, is an "individual with a disability" within the meaning of 29 U.S.C. §705(20)(B) of the Rehabilitation Act, as amended, and as defined in the Americans with Disabilities Act of 1990 at 42 U.S.C. §12102.

9. From on or about August 20, 2006, through February 19, 2015, the Plaintiff served with distinction as a Transportation Security Officer ("TSO") with the Transportation Security Administration ("TSA"), an agency of the Department of Homeland Security. Plaintiff's principal responsibilities involved screening airline passengers and their baggage at the Fort Lauderdale-Hollywood International Airport ("FFL") in Fort Lauderdale, Florida.

10. Plaintiff is a "qualified individual" within the meaning of the Rehabilitation Act and 42 U.S.C. §12111(8) in that with or without reasonable accommodation he can, and at all times could, perform the essential functions of the position he held with TSA and to which he now seeks reinstatement.

11. Plaintiff met all of the stated qualifications for, and satisfactorily performed the essential functions of, his job as TSO at all times during his employment.

Law Offices of Donald R. McCoy • 111 SE 12th Street, Fort Lauderdale, FL 33316 • (954) 618-6575

## JURISDICTION AND VENUE

12. The Court has jurisdiction of this action under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331. Venue lies in the Southern District of Florida because the unlawful employment practices alleged in this Complaint were committed within the state of Florida and the Plaintiff resides in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. When the discrimination and retaliation alleged herein occurred Plaintiff followed the procedures set forth in 42 U.S.C. §2000e-16 and regulations promulgated under that subsection and the Rehabilitation Act by the Equal Employment Opportunity Commission ("EEOC") at 29 Code of Federal Regulations, Part 1614.

14. Plaintiff filed a formal complaint of discrimination and retaliation with TSA's Civil Rights Division on or about December 30, 2014after first contacting an EEO counselor as required by 29 C.F.R. §1614.105 and attempting an informal resolution of his requests for accommodation.

15. The Agency conducted a perfunctory investigation upon the completion of which Plaintiff made a timely written request for a hearing before an Administrative Judge of the EEOC under 29 C.F.R. §1614.108.

16. On January 10, 2022, the EEOC issued a final order denying Plaintiff's appeal and request for reconsideration, which Plaintiff received on or about January 15, 2022, authorizing Plaintiff to file a civil action in the United States District Court.

17. All conditions precedent to this action have been met or waived.

## **FACTS COMMON TO ALL COUNTS**

18. Plaintiff JOSEPH SIMONE is an individual with a disability who is fully qualified for the TSO position he held with TSA. Plaintiff met all stated requirements and performed the essential functions of his position without difficulty and in an exemplary manner. He received superlative performance appraisals and numerous commendations throughout his eight year career with TSA.

19. At the time he joined TSA and continuing thereafter Plaintiff suffered from a heart condition known as mitral valve prolapse which caused him to experience occasional heart palpitations. From time to time this condition would substantially limit certain major life activities and require the Plaintiff to request a day off. It did not, however, affect his ability to perform the essential functions of his job when he was present for work.

20. When he applied for his position in 2006 Plaintiff described his condition and disclosed that he was being treated by a cardiologist. A TSA physician obtained additional information from Plaintiff's cardiologist, determined that Plaintiff was medically qualified for the TSO position and cleared him to be hired.

21. The only accommodation Plaintiff ever required was to take an occasional day off when he felt heart palpitations coming on. In those instances his doctor advised him to stay home, rest and not to drive a car until the episode passed. For several years, her requested and was approved to take intermittent leave under the Family and

Medical Leave Act ("FMLA") based on the certification of his cardiologist that he would occasionally need time off during an episodic "flare-up".

22. The availability of intermittent leave enabled him to perform the essential functions of his position in a superlative manner for eight years. In 2014, however, TSA determined - solely on the basis of his occasional use of FMLA leave - that Plaintiff was not medically qualified for his position and removed him from federal service.

23. On or about January 21, 2013, a TSA official who had approved Plaintiff's previous FMLA requests denied that he was eligible for FMLA leave, claiming that his condition was not a "serious health condition" within the meaning of the statute.

24. Plaintiff complained about the denial of his eligibility and filed a written complaint with TSA's Office of Inspector General ("OIG"). As a result, TSA management reinstated his eligibility.

25. When Plaintiff renewed his request the for the following year, on or about December 13, 2013, TSA determined he was not medically qualified for his position and removed him from federal service.

26. Officers who were similarly situated to the Plaintiff but who were not disabled were treated differently. Some of Plaintiff's co-workers were allowed to take intermittent FMLA leave to care for family members without any impact on their employment.

27. On or about August 22, 2014, TSA proposed to remove Plaintiff from federal service solely because of his FMLA leave requests and placed him on

6

administrative leave without pay. Plaintiff initiated a complaint of discrimination and retaliation on or about December 30, 2014.

28. On or about February 19, 2015, TSA removed the Plaintiff from federal service because of his disability, his requests for accommodation and his complaints of discrimination and retaliation.

## COUNT I - Discrimination Based on Disability
### [29 U.S.C. §791, et seq.]

29. Plaintiff restates the allegations of paragraphs 1 through 28, above, as if they were fully set out in this Count I.

30. Plaintiff is, and at all material times has been. an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. §705(20)(B), and the Americans With Disabilities Act, 42 U.S.C. §12102, in that he has had a physical impairment - mitral valve prolapse - that substantially limits one or more of his major life activities and affects one or more major bodily functions.

31. Plaintiff has and, beginning in or about August, 2006, had a record of such an impairment and was regarded by TSA as having such an impairment.

32. Plaintiff is, and at all times material hereto, has been a qualified individual within the meaning of the Rehabilitation Act, 29 U.S.C. §791, et seq., and 42 U.S.C.S. § 12111(8) in that with or without reasonable accommodation, he can and could perform the essential functions of the position he held as Transportation Security Officer and to which he now seeks reinstatement.

33. During the period from in or about January, 2013, through and including February 19, 2015, the Defendant, by and through the acts and omissions of certain TSA officials, engaged in discriminatory practices and discriminated against the Plaintiff because of his disability in the manner alleged above.

34. During the same period, the Defendant, by and through the acts and omissions of certain TSA officials, refused to provide reasonable accommodation and retaliated against the Plaintiff because of his request for accommodation and his complaints of discrimination; refused to consult with Plaintiff in an interactive process to determine the availability of possible accommodations and instead had him declared unfit for duty because of his requests and complaints.

35. On or about February 19, 2015, the Defendant, by and through the actions of certain TSA officials, discriminated and retaliated against the Plaintiff by removing him from federal service.

36. In the above instances TSA officials treated persons who were similarly-situated to the Plaintiff but who were not disabled more favorably than they treated the Plaintiff.

37. The acts and omissions of TSA officials alleged herein violated the Rehabilitation Act and 42 U.S.C. §12112 and constitute unlawful intentional discrimination against the Plaintiff.

38. As a direct and proximate result, the Plaintiff has suffered damages, including lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

8

non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a(a)(2).

39.    Plaintiff has retained the undersigned attorney to represent him in this action and has agreed to pay attorney's fees and costs incurred in litigating this action.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendant ordering the Defendant to reinstate the Plaintiff to his former position, with back pay and benefits and to provide reasonable accommodation to the Plaintiff'; and awarding the Plaintiff additional compensatory damages, a reasonable attorney's fee and the costs of this action.

### COUNT II - Failure to Provide Reasonable Accommodation
### [29 U.S.C. §791, et seq. and 42 U.S.C. 12112(5)(c)]

40.    Plaintiff re-states the allegations of paragraphs 1 through 28 above, as if they were fully set out in this Count II.

41.    At all material times the Defendant, by and through certain TSA officials, had knowledge of Plaintiff's physical l limitations.

42.    During the period from in or about January, 2013, through and including February 19, 2015, TSA officials violated the Rehabilitation Act, 42 U.S.C. 12112(5)(c) and 29 C.F.R. §1614.102(8) by failing and refusing to make reasonable accommodations to the known physical limitations of the Plaintiff.

43.    During the same period there were reasonable accommodations, including but not limited intermittent leave, either under the FMLA or otherwise, which TSA officials could have provided without undue hardship and which would have enabled the Plaintiff to perform the essential functions of his TSO position.

9

44. TSA officials refused to provide this reasonable and readily available accommodation,  They refused to engage in good faith efforts, in consultation with the Plaintiff who informed them that accommodation was needed, to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity to perform the essential functions of his position.

45. The acts and omissions of TSA officials alleged herein violated the Rehabilitation Act and related statutes and constitute unlawful intentional discrimination against the Plaintiff.

46. As a direct and proximate result of these violations the Plaintiff has suffered damages including lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a(a)(2).

47. Plaintiff has retained the undersigned attorney to represent him in this action and has agreed to pay attorney's fees and costs incurred in litigating this action.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter judgment against the Defendant ordering the Defendant to reinstate the Plaintiff to his former position, with back pay and benefits and to provide reasonable accommodation to the Plaintiff; and awarding the Plaintiff additional compensatory damages, a reasonable attorney's fee and the costs of this action.

## COUNT III - Unlawful Retaliation
## [29 U.S.C. §791 and 42 U.S.C. § 12203(a)]

48.     Plaintiff re-states the allegations of paragraphs 1 through 28 above, as if they were fully set out in this Count III.

49.     During the period from in or about January, 2013, through and including February 19, 2015, the Defendant, by and through the acts and omissions of certain TSA officials, violated 42 U.S.C. § 12203(a) by discriminating against the Plaintiff in because he opposed certain acts and practices made unlawful by the Rehabilitation Act and the ADA.

50.     During the same period he Defendant, by and through the acts and omissions of certain TSA officials, violated 42 U.S.C. § 12203(a) by discriminating against the Plaintiff because he made charges, testified, assisted and participated in investigations, proceedings and hearings under the Rehabilitation Act and the ADA.

51.     These actions constitute unlawful intentional discrimination against the Plaintiff.

53.     As a direct and proximate result of these violations the Plaintiff has suffered lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a(a)(2).

54.     Plaintiff has retained the undersigned attorney to represent him in this action and will incur attorney's fees and costs in litigating this action.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter an order enjoining the Defendant from engaging in such retaliation against the Plaintiff, ordering the Defendant to reinstate the Plaintiff to his former position and to provide reasonable accommodations to the Plaintiff, awarding back pay and benefits to the Plaintiff and prejudgment interest thereon, and awarding the Plaintiff additional compensatory damages, a reasonable attorney's fee and the costs of this action.

### COUNT IV - Unlawful Interference and Coercion
### [29 U.S.C. §791 and 42 U.S.C. § 12203(b)]

55. Plaintiff re-states the allegations of paragraphs 1 through 28, above, as if they were fully set out in this Count IV.

56. During the period from in or about January, 2013, through and including February 19, 2015, the Defendant, by and through the acts and omissions of certain TSA officials, violated 42 U.S.C. § 12203(b) in that the said officials unlawfully coerced, intimidated, threatened, and interfered with the Plaintiff in the exercise or enjoyment of, or on account of his having exercised or enjoyed, rights granted and protected by the Rehabilitation Act and the ADA.

57. These violations constitute unlawful intentional discrimination against the Plaintiff.

58. As a direct and proximate result of these violations the Plaintiff has suffered lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a(a)(2).

59. Plaintiff has retained the undersigned attorney to represent him in this action and will incur attorney's fees and costs in litigating this action.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter an order enjoining the Defendant from engaging in any further coercion, intimidation and interference, ordering the Defendant to reinstate the Plaintiff to his former position and to provide reasonable accommodations to the Plaintiff, awarding back pay and benefits to the Plaintiff and prejudgment interest thereon, and awarding the Plaintiff additional compensatory damages, a reasonable attorney's fee and the costs of this action.

## COUNT V - Retaliation for Protected Activity
## [42 U.S.C. 2000e-3, 42 U.S.C. 2000e-16, and 29 C.F.R. §1614.101(b)]

60. Plaintiff re-states the allegations of paragraphs 1 through 28, above, as if they were fully set out in this Count IV.

61. During the period from in or about January, 2013, through and including February 19, 2015, the Defendant, by and through the acts and omissions of certain TSA officials, violated 42 U.S.C. §2000e-3, 42 U.S.C. 2000e-16, and 29 C.F.R. §1614.101(b), in that these acts and omissions subjected the Plaintiff to discrimination and retaliation because he opposed practices made unlawful by the Rehabilitation Act and because he made charges, testified, assisted, and participated in investigations, and proceedings thereunder.

62. The acts and omission alleged herein constitute unlawful intentional discrimination against the Plaintiff.

13

63. As a direct and proximate result of these violations the Plaintiff has suffered lost wages and other benefits as well as future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non- pecuniary losses, for which compensatory damages may be awarded under 42 U.S.C. §1981a(a)(1) and (a)(2).

64. Plaintiff has retained the undersigned attorney to represent him in this action and will incur attorney's fees and costs in litigating this action.

WHEREFORE, cause having been shown, Plaintiff asks the Court to enter an order enjoining the Defendant from engaging in such retaliation against the Plaintiff, ordering the Defendant to reinstate the Plaintiff to his former position and to provide reasonable accommodations to the Plaintiff, awarding back pay and benefits to the Plaintiff and prejudgment interest thereon, and awarding the Plaintiff additional compensatory damages, a reasonable attorney's fee and the costs of this action.

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned counsel, requests a trial by jury as to all of the above Counts I through V and as to all issues so triable.

Respectfully submitted on April 15, 2022.

> DONALD R. McCOY, P. A.
> 111 S.E. 12th Street
> Fort Lauderdale, Florida 33316
> Telephone: (954) 618-6575
> Facsimile: (954) 618-6577
> mccoyesquire@me.com
>
> By_____/s/_____
> Donald R. McCoy
> Florida Bar No. 887862
>
> Attorney for Plaintiff